# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARC S. BRAGG, *et al.*, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM AND THIRD PARTY COMPLAINT | Case No. 13-cv-02725-BAS(KSC) <br><br> **ORDER:** <br><br> **(1) GRANTING DIRECTV'S MOTION TO DISMISS (ECF NO. 64);** <br><br> **(2) GRANTING DIRECTV'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM (ECF NO. 84);** <br><br> **(3) DENYING AS MOOT COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS (ECF NO. 68); AND** <br><br> **(4) DENYING COUNTERDEFENDANTS' MOTION TO FILE A SUPPLEMENTAL EXHIBIT (ECF NO. 95)** |

Joe Hand Promotions, Inc. ("Joe Hand"), a commercial distributor and licensor of sporting events, commenced this action against Marc S. Bragg and Cynthia Motsch, both individually and doing business as Sally and Henry's Doghouse Bar

and Grill (collectively "Doghouse") alleging Doghouse improperly broadcast the "Ultimate Fighting Championship Program" ("the Program") at the Bar and Grill on November 17, 2012, without obtaining the proper licensing to do so from Joe Hand. (ECF No. 1.) Doghouse filed counterclaims against Joe Hand. (ECF Nos. 25, 36.)

On June 25, 2014, Doghouse filed a Third Party Complaint against DirecTV, LLC ("DirecTV") alleging DirecTV's misrepresentations caused it to broadcast the Program without proper licensing. (ECF No. 26.) On July 28, 2014, Doghouse filed an Amended Third Party Complaint against DirecTV. (ECF No. 37 ("ATPC").)

Joe Hand and the Doghouse jointly dismissed the original complaint and counterclaims, so that the only remaining complaint was the ATPC. (ECF Nos. 57, 58.) DirecTV thereafter filed counterclaims against Doghouse. (ECF No. 63.)

Presently before this Court are (1) DirecTV's Motion to Dismiss the ATPC (ECF No. 64); (2) Doghouse's Motion to Dismiss DirecTV's counterclaims (ECF No. 68) to which no opposition has been filed; (3) DirecTV's Motion for Leave to File First Amended Counterclaims (ECF No. 84); and (4) Doghouse's Motion to File a Supplemental Exhibit (ECF No. 95).

For the following reasons, this Court **GRANTS** DirecTV's Motion to Dismiss (ECF No. 64); **GRANTS** DirecTV's Motion to File First Amended Counterclaims (ECF No. 84); **DENIES AS MOOT** Doghouse's Motion to Dismiss the Counterclaims (ECF No. 68); and **DENIES** Doghouse's Motion to File a Supplemental Exhibit (ECF No. 95).

## I.     DIRECTV'S MOTION TO DISMISS THE ATPC

DirecTV moves to dismiss the ATPC pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing: (1) the allegations of fraud and deceit lack sufficient particularity; (2) Doghouse fails to allege any term of the contract that was breached; (3) since there was no breach of contract, and no allegation of a special fiduciary relationship, there can be no breach of the covenant of good faith and fair dealing; (4) the UCC does not apply to contracts for goods as opposed to services; (5)

1  Doghouse fails to identify any false advertisements with particularity; and (6)
2  Doghouse fails to allege sufficient facts to support an unfair competition claim.
3       A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
4  Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R.
5  Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court
6  must accept all factual allegations pleaded in the complaint as true and must construe
7  them and draw all reasonable inferences from them in favor of the nonmoving party.
8  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a
9  Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations,
10 rather, it must plead "enough facts to state a claim to relief that is plausible on its
11 face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial
12 plausibility when the plaintiff pleads factual content that allows the court to draw the
13 reasonable inference that the defendant is liable for the misconduct alleged."
14 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
15 "Where a complaint pleads facts that are 'merely consistent with' a defendant's
16 liability, it stops short of the line between possibility and plausibility of 'entitlement
17 to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).
18      "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
19 relief' requires more than labels and conclusions, and a formulaic recitation of the
20 elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting
21 *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court need not accept "legal
22 conclusions" as true. Iqbal, 556 U.S. at 678. Despite the deference the court must
23 pay to the plaintiff's allegations, it is not proper for the court to assume that "the
24 [plaintiff] can prove facts that [he or she] has not alleged or that defendants have
25 violated the…laws in ways that have not been alleged." *Associated Gen. Contractors*
26 *of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).
27      Generally, courts may not consider material outside the complaint when ruling
28 on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d

1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. Id. It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### A. Preliminary Considerations

In its Opposition, Doghouse requests that the Court incorporate by reference an Opposition filed in another case, involving different parties, before a different Judge. (ECF No. 79 at p. 3.) Although this Court understands that there is a pending Motion to Consolidate in that other case, requesting that the case be consolidated with this one, that Motion has not been granted, the cases are not consolidated, and this Court declines to allow Doghouse to incorporate by reference a pleading filed in a different, as of yet, unrelated, case.

In addition, Doghouse filed a Motion to File a Supplemental Exhibit to its Opposition. (ECF No. 95.) Doghouse requests that this Court take judicial notice of a Final Judgment and Permanent Injunction issued by the San Diego Superior Court against DirecTV on December 10, 2010. Since this Final Judgment is ultimately not relevant to the decisions reached by the Court in this Order, the Motion to File a Supplemental Exhibit is **DENIED**.

///

///

### B. Count One: Fraud and Deceit

DirecTV moves to dismiss Count One of the ATPC alleging Doghouse fails to allege sufficient particularly to withstand a challenge under Rule 12(b)(6). In order to establish a cause of action for fraud, Doghouse must allege: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) DirecTV's knowledge of this falsity; (3) DirecTV's intent to defraud; (4) Doghouse's justifiable reliance; and (5) resulting damage. *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997).

Rule 9(b) of the Federal Rules of Civil Procedure holds fraud claims to a heightened pleading standard and claimants must plead fraud with particularity. Fed. R. Civ. P. 9(b). A plaintiff must state the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations" with particularity. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (citation omitted). A plaintiff must also "set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). In other words, the pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny they have done anything wrong." *Sanford*, 625 F.3d at 558 (citation omitted).

In the ATPC, Doghouse alleges that at the time DirecTV solicited Doghouse to buy its service in 2012, it "represented that it was providing . . . Doghouse a commercial license and that all the content it distributed to the DirecTV equipment it installed . . . was properly licensed by DirecTV with the full knowledge and consent of any content provider." (ATPC at ¶¶ 7, 15.) Doghouse further alleges "DirecTV's representations made by it at the time it induced . . . Doghouse to subscribe to its services," included the representation "that all programs were properly licensed," and this "was knowingly and intentionally false." (*Id.* at ¶ 34.) According to the ATPC, "DirecTV's representations . . . made by DirecTV during the continuation of the

subscription during verbal conversations with its telephonic sales agents and on its website promoting various programs, . . . along with its purchase and license, were intended to and did in fact lead . . . Doghouse to justifiably believe that the . . . [Program] . . . [was] . . . lawfully licensed and authorized." (*Id*. at ¶ 36.)

In its Opposition, Doghouse appears to concede that the representations in the ATPC are insufficient. Doghouse provides insufficient specifics as to what misrepresentations were made and by whom. Instead, Doghouse offers a Second Amended Third Party Complaint and requests the Court allow it to amend its allegations. Hence this Court **GRANTS** the Motion to Dismiss Count One. Since the Court finds it possible Doghouse may be able to amend to allege sufficient allegations of fraud, the Doghouse is given leave to amend. However, Doghouse is cautioned that any allegation of fraud and deceit must include the specific content of the allegedly false representations as well as the individual who made them.

### C. Count Six: Breach of Contract

To state a breach of contract claim under California law, a plaintiff must allege: (1) the existence of a contract; (2) the plaintiff's performance or excuse for nonperformance: (3) the defendant's breach; and (4) the resulting damage to the plaintiff. *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). A plaintiff must allege the substance of the relevant terms of the contract, set them out verbatim in the complaint, or attach a copy of the contract to the complaint and incorporated by reference. *N. Cnty. Commc'ns Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (citing *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)). In addition, the complaint must "identify the specific provision of the contract allegedly breached by the defendant." *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012) (citing *Progressive West Ins. Co. v. Yolo Cnty. Super. Ct.*, 135 Cal. App. 4th 263, 281 (2005)). Moreover, a plaintiff must allege how the defendant breached the relevant term(s) of the alleged contract. *See Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081,

1096 (N.D. Cal. 2007).

In the ATPC, Doghouse alleges DirecTV had a contract with Doghouse for the provision of satellite television service and for the purchase of the Program. (ATPC at ¶ 110.) Doghouse claims the contract required DirecTV to provide programming paid for by Doghouse. (*Id.* at ¶ 111.) Without further specificity, Doghouse claims DirecTV breached this contract.

In its Opposition to DirecTV's Motion to Dismiss, Doghouse appears again to admit that the allegations in the ATPC are insufficient to state a breach of contract claim. It is unclear what provision of the contract DirecTV is alleged to have violated. In fact, assuming everything in the ATPC is true, it appears DirecTV did provide satellite television service and the programming paid for by Doghouse, including the Program. Therefore, the Court **GRANTS** DirecTV's Motion to Dismiss Count Six with leave to amend. However, Doghouse is cautioned that any amended Complaint must include the details as to what provision was allegedly violated and how.

### D. Count Two: Breach of Good Faith and Fair Dealing

In California, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988) (citing Rest. 2s Contracts §205). Thus, in order to bring an action for breach of the implied covenant of good faith and faith dealing, the complainant must first allege the existence of a contract. *Spencer v. DHI Mortgage Co., Ltd.*, 642 F. Supp. 2d 1153, 1165 (E.D. Cal. 2009) (citing *Smith v. City and Cnty. Of S.F.*, 225 Cal. App. 3d 38, 49 (1990)). Since this Court has determined Doghouse has not sufficiently alleged the existence of a contract or that Doghouse failed to receive the benefits of any contract, this cause of action must also be dismissed. Hence, the Motion to Dismiss Count Two is **GRANTED** with leave to amend.

///
///
///

    **E.**    **Count Three: Breach of Warranty of Fitness for Particular Purpose**

In Count Three, Doghouse alleges a breach of warranty under Article II of the California Uniform Commercial Code ("UCC"). Doghouse alleges DirecTV breached this warranty "by deceiving and inducing . . . Doghouse into believing the Program that was purchased and paid for was had [sic] clear title and was transmitted without infringing on the rights of any third parties." (ATPC at ¶ 32.) Thus, DirecTV breached the warranty of fitness for a particular purpose "when it sold, licensed, and transmitted the Program to . . . Doghouse" (*Id.* at ¶ 80.)

The UCC only applies to contracts for sale of goods and not to contracts for the sale of services. Cal. Com. Code § 2102. The UCC defines "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." Cal. Com. Code § 2105; *see also Simulados Software, Ltd. v. Photon Infotech Private, Ltd.*, 40 F. Supp. 3d 1191, 1199 (N.D. Cal. 2014). When something is a combination of goods and services, courts look to "whether the thrust is the rendition of service with goods incidentally involved or whether the transaction is a sale of goods with labor incidentally involved." *TK Power, Inc. v. Textron, Inc.*, 433 F. Supp. 2d 1058, 1061 (N.D. Cal. 2006).

This Court agrees with DirecTV (and Doghouse appears to concede) that the transmission of cable television programming is a service rather than a good. The leased equipment is only incidentally involved and merely makes it possible for DirecTV to provide clients its television services. Hence, DirecTV's Motion to Dismiss Count Three is **GRANTED** without leave to amend.

    **F.**    **Count Four: Unfair Practices/Fraud in Advertising**

In Count Four, Doghouse alleges DirecTV violated California's False Advertising Law found in the California Business and Professions Code §§ 17500-17509. This law prohibits the dissemination of statements that are "untrue or misleading, and which [are] known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code §17500.

Courts have interpreted this provision broadly to "embrace not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Inter-Mark USA, Inc. v. Intuit, Inc.*, No. C-07-04178 JCS, 2008 WL 552482, at *9 (N.D. Cal. 2008) (quoting *Leoni v. State Bar*, 39 Cal. 3d 609, 626 (1985)).

Where a plaintiff alleges fraud as a basis for a violation of his false advertising claim, he will be subject to the higher "particularity" pleading standard required under Rule 9(b). *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093 (S.D. Cal. 2010). Since Doghouse alleges fraud as the basis for its false advertising claim, it is subject to this higher pleading standard.

Accordingly, to properly plead its false advertising claim, Doghouse must identify specific advertisements, when and where they were shown, and why they were untrue or misleading. *Id.*; *see also Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) ("[T]he primary evidence in a false advertising case is the advertising itself.") (quotation omitted); *VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) ("The underlying element of a false advertising claim is some type of advertising statement.") In *In re Sony Grand Wega*, for example, the Court granted defendant's motion to dismiss the false advertising claim because plaintiffs failed to identify specific advertisements, when and where they were shown, or why they were untrue or misleading. *In re Sony Grand Wega*, 758 F. Supp. 2d at 1093-94.

In this case, Doghouse alleges DirecTV sent Doghouse "advertisements that [DirecTV] was the authorized distributor and source for the Program" and "paper advertisements and advertisements over the Internet that solicited the sale of the Program but did not disclose that DirecTV's sale of the Program required as a condition of the sale, a separate price or fee to be paid over to [Joe Hand]." (ATPC at ¶¶ 87, 88.) Doghouse fails to identify any specific advertisement, let alone when

and where it was shown. Doghouse's allegations of false advertising are insufficient even under the notice pleading standard of Rule 8(a) and certainly lack the particularity required under Rule 9(b).

Therefore, DirecTV's Motion to Dismiss Count Four is **GRANTED**. Again, since Doghouse may be able to cure this deficiency, this Court gives Doghouse leave to amend. Any amended cause of action must include specifics as to what advertisement was received, when and where, and specifically what in the advertisements is alleged to be misleading or false.

### G. Count Five: Unfair Competition

In Count Five, Doghouse alleges unfair competition in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. This law prohibits business acts or practices that are "unlawful," "unfair," or "fraudulent." *Id*. §17200. Each of these three prongs constitutes a separate and independent cause of action. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

Doghouse alleges DirecTV deceived the public by "knowingly licens[ing] and sell[ing] the Program to commercial customers improperly . . . designated as 'residential.'" (ATPC at ¶ 98.) Doghouse claims that by misrepresenting the owner and licensor of the Program, DirecTV was able to sell the Program at significantly reduced rates to small business owners and other members of the public, who were then deceived into purchasing DirecTV. (*Id*. at ¶¶ 100-102.) Finally, Doghouse alleges DirecTV "created a strict pricing model for the licensing of the Program which not only confuses the general public as a result of the concealed terms and license rights, but also inhibits competition in the marketplace as the Program is unique and not otherwise available to the general public." (*Id*. at ¶ 103.) Doghouse claims this constitutes unfair competition because the purpose of the "dividing of the license fees into two discrete categories of 'residential' and 'commercial' is to restrain competition." (*Id*. at ¶ 104.)

This Court will analyze these allegations under each of the three prongs of the unfair competition law.

### 1. Unlawful prong

The UCL's "unlawful" prong is essentially an incorporation-by-reference provision. *See Cel-Tech*, 20 Cal. 4th at 180 ("By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." (citations and some internal quotation marks omitted)). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994)). "When a statutory claim fails, a derivative UCL claim also fails." *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1185 (2012).

In the ATPC, Doghouse fails to allege that DirecTV violated any law. Therefore, the claim under the unlawful prong must fail.

### 2. Unfair prong

Under the UCL, for suits brought by consumers, courts have applied either the balancing test set forth in *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861 (1999), the test set forth in *Cel-Tech*, or the three-pronged test set forth in the FTC Act. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169-70 (9th Cir. 2012). However, the Ninth Circuit has declined to apply the FTC standard to consumer actions "in the absence of a clear holding from the California Supreme Court" that it should be applied. *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007).

Under the balancing test, "unfair" conduct occurs when that practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Davis*, 691 F.3d at 1169 (citing *S. Bay Chevrolet*, 72 Cal. App. 4th at 886-87). "Under this approach, courts must examine the practice's impact on its alleged victim, balanced against the

reasons, justifications and motives of the alleged wrongdoer.  In short, this balancing test must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id.* (internal citations and quotations omitted).  Under the *Cel-Tech* test, which was expressly limited in *Cel-Tech* to actions by competitors, but has been applied by courts to consumer actions, an "unfair" practice means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."  *Id.* at 1169-70 (citing *Cel-Tech.*, 20 Cal. 4th at 187 & n. 12).

Although Doghouse alleges DirecTV's conduct "inhibit[ed] competition," it does not identify the established public policy being offended, or make clear how DirecTV's conduct is immoral, unethical, unscrupulous or substantially injurious to consumers.  Doghouse also fails to allege any acts that threaten an incipient violation of an antitrust law or violate the spirit of the antitrust laws.  Therefore, any claim under this prong must also fail.

### 3. Fraudulent prong

To state a claim under the UCL's "fraudulent" prong, Doghouse must plead that DirecTV's allegedly fraudulent business practice is one in which "members of the public are likely to be deceived." *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000).  "Unless the challenged conduct targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer." *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 645 (2008) (internal quotations and citation omitted).  Reduced to the elements, a plaintiff must allege with specificity that a defendant's alleged misrepresentations: "(1) were relied upon by the named plaintiffs; (2) were material; (3) influenced the named plaintiffs' decision to purchase the product [or enter into an agreement]; and (4) were likely to deceive members of the public." *Yastrab v. Apple, Inc.*, No. 5:14-cv-01974-EJD, 2015 WL 1307163, at *19 (N.D. Cal. Mar. 23, 2015) (quotations omitted).

As discussed above, Doghouse fails to allege with sufficient particularity what alleged misrepresentations were made and by whom they were made. However, it appears Doghouse may be able to allege more specific misrepresentations, therefore, Doghouse is given leave to amend.

### III. DIRECTV'S MOTION TO AMEND COUNTERCLAIMS

DirecTV moves to amend its counterclaims. (ECF No. 84.) As it points out, this case is procedurally in its infancy. No answer has been filed. No scheduling order has been issued. No discovery has been conducted. Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Although the decision whether to allow amendment is in the court's discretion, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted). Denial of a request to amend is only proper when it "would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." *United Union of Roofers, Waterproofers and Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d 1398, 1402 (9th Cir. 1990); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (no prejudice where amended pleading would not delay proceedings and not require additional discovery).

There is no evidence the amendment is clearly frivolous or made in bad faith. Furthermore, there is no evidence of undue delay. The original counterclaim was filed October 21, 2014 (ECF No. 63) and ten days later, upon the joint motion of the parties, the matter was stayed (ECF No. 67, 70-74). The stay was lifted on July 6, 2015 (ECF No. 78), and DirecTV attempted to file its Amended Counterclaim on

August 17, 2015 (ECF No. 82). The Amended Counterclaim was rejected on August 24 because DirecTV had failed to request permission from the Court pursuant to Rule 15, so five days later, on August 29, 2015, DirecTV filed this motion seeking leave from the Court to file the Amended Counterclaim. The Court finds DirecTV has not delayed filing the Amended Counterclaim.

Doghouse's primary opposition appears to be based on an argument that the amendment would be unduly prejudicial because it is duplicative of a pleading filed in another action, involving other parties, in front of a different judge. Although this Court understands a motion to consolidate that action with this one is pending in that other court, currently two separate actions exist. The fact that DirecTV amended in that other action does nothing to amend the counterclaims in this case. Therefore, this Court rejects Doghouse's argument that it would be unduly prejudiced because the amended counterclaim is "identical and redundant" to a pleading filed in another case. Doghouse fails to show that filing the Amended Counterclaim would be unduly prejudicial at this early stage of the proceedings. In fact, omitting one cause of action could save Doghouse time and energy.

Accordingly, DirecTV's Motion for Leave to File a First Amended Counterclaim (ECF No. 84) is **GRANTED**. Consequently, Doghouse's Motion to Dismiss the original counterclaim (ECF No. 68) is **DENIED AS MOOT**.

## IV.  CONCLUSION

DirecTV's Motion to Dismiss the ATPC (ECF No. 64) is **GRANTED**. Doghouse is given leave to amend all counts except for Count Three which is dismissed with prejudice. Any Second Amended Third Party Complaint must be filed no later than **March 21, 2016**.

DirecTV's Motion to file amended counterclaims (ECF No. 84) is **GRANTED**. The amended counterclaims must be filed no later than **March 21, 2016**.

///

1 | Neither party may add any new causes of action.  Furthermore, both parties are cautioned that they must comply with Civil Local Rule 15.1 when filing any amended pleading, including Local Rule 15.1(c) requiring that "[a]ny amended pleading . . . must be accompanied by a version of that pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how that pleading differs from the previously dismissed pleading." Civ. L.R. 15.1(c).

Lastly, Doghouse's Motion to Dismiss the Counterclaims (ECF No. 68) is **DENIED AS MOOT**, and Doghouse's Motion to File a Supplemental Exhibit (ECF No. 95) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  February 29, 2016

*[signature]*
Hon. Cynthia Bashant
United States District Judge